### RAPID ADDRESSING MACH. CO. v. BENSON.

(Supreme Court, Appellate Term.    March 8, 1912.)

1. CONTRACTS (§ 171*)—SEPARABLE CONTRACTS.

    A contract to compile a card list of names and addresses of persons in various cities, as shown by the latest directories of the cities, for a specified sum per card and name, respectively, is separable; and the contract price for work properly done is recoverable, though other work furnished is improper.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 754–757; Dec. Dig. § 171.*]

2. CONTRACTS (§ 322*)—BREACH OF CONTRACT—MEASURE OF DAMAGES.

    Where plaintiff, contracting to furnish to defendant a card list of names and addresses of persons in various cities, as shown by the latest directories of the cities, furnished, with knowledge of defendant's purpose to use the list, a list not corresponding with the directories, defendant, if such noncorrespondence with the directories resulted in the failure of the envelopes so addressed to reach the addressees, could recover for the postage thus expended by it; but it was not sufficient for defendant to show merely that the envelopes failed to reach the addressees, nor could defendant recover for postage put on envelopes addressed to names which contained on the plaintiff's list no addresses.

    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1768; Dec. Dig. § 322.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Rapid Addressing Machine Company against William E. Benson. From a judgment for defendant on his counterclaim, after trial by the judge without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued February term, 1912, before SEABURY, GUY, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Adolph M. Schwarz (Louis F. Perl, of counsel), for appellant.
Harold Swain, for respondent.

BIJUR, J. Plaintiff agreed to compile for defendant a card list of names and addresses of certain classes of persons in various cities. The addresses were to be correct copies of the same as given in the latest directories of these cities. The rate of compensation was so much per card and name, respectively. Plaintiff furnished some 12,-000 names, and over 4,000 cards at one rate, and some 6,000 cards at another rate. It brought this action for a total of $135.90, in accordance with the rate of compensation fixed by the contract. Defendant had plaintiff transmit the lists to another concern, which addressed letters therefrom. A considerable number of these letters were returned by the postal authorities, with indorsements. indicating that the addressees could not be found. Of these, a large proportion seems to have consisted of letters sent without street addresses, since the list furnished by plaintiff did not contain such addresses. There was a conflict of evidence as to whether plaintiff was entitled to be paid for the names without street addresses, and so listed, because the addresses were not to be found in the directories. Defendant expressly conceded that a large part of the addresses were correctly transcribed.

[1] It seems to be very clear that the contract is separable, in the sense that no particular importance was attached to furnishing *all* the names, however convenient and serviceable that might have been. Plaintiff is entitled to recover at the contract price, whatever that may be, for such work as it performed properly, after proof of such performance is made by it. It is apparent, therefore, that on the record the complaint should not have been dismissed.

[2] Defendant's counterclaim is based on two items—one, an alleged payment of $100, as to which the trial court found that it was not proved; the other, $60, for postage on 3,000 envelopes claimed by defendant to have been addressed in conformity with the names and addresses on the list furnished by plaintiff, but alleged by defendant to have been found to be incorrect. If it be shown that the list furnished by plaintiff did not correspond with the respective city directories, and that such noncorrespondence resulted in the failure of the envelopes so addressed to reach the addressees, defendant is entitled to recover for the postage thus expended by it, as the purpose of the list was well known to plaintiff, and the damages thus resulting were plainly within the contemplation of the parties. It is not sufficient, however, for defendant to show merely that the envelopes failed to reach the addressees. That, even admitting that the postal authorities will be presumed to have made due effort, may have resulted from a number of unexplained reasons, such as change of address by the parties themselves, or inaccuracy of the directories, from which plaintiff was employed to copy the addresses.

A part of this counterclaim appears to be based on postage put upon envelopes addressed to names which, on plaintiff's list contained no addresses. In respect of these names, if defendant be shown to have been as fully aware as plaintiff of the defect, any damage resulting

from the use of these names would not be chargeable to the plaintiff. It seems to me that the actual facts should be readily ascertainable, and that the parties should be able readily to adjust their differences according to the rule herein above set forth, without the necessity of a prolonged trial, such as the one which resulted in the judgment appealed from.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.