TROW DIRECTORY, PRINTING & BOOKBINDING CO. v. ROBINSON et al.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

CONTRACTS ☞321—ACTION FOR BREACH—DAMAGES.

> In an action for compiling a trade list of names, wherein defendants counterclaimed on the ground of plaintiff's breach of its agreement to furnish a list of dealers rated from $1,000 to $10,000 in a certain mercantile agency report, whereby they were damaged by reason of postage used, etc., the court, dismissing the complaint on the merits, should have found that plaintiff breached its contract and that defendants were entitled to damages.

> [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1508–1527; Dec. Dig. ☞321.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Trow Directory, Printing & Bookbinding Company against Annie Robinson and another, copartners, doing business under the registered trade-name of Robinson Tailoring Company, with counterclaim by defendants. From a judgment after a trial by the judge without a jury, in so far as it dismissed the counterclaim on the merits, defendants appeal, and from so much of the judgment as dismissed the complaint on the merits plaintiff takes a cross-appeal. Reversed, and case sent back for a new trial.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Henry Staton, of New York City, for plaintiff.

Straus & Dworsky, of New York City (Harold P. Dworsky, of New York City, of counsel), for defendants.

BIJUR, J.   Plaintiff sued for work, labor, and services in compiling a list of names of 5,000 individuals and multigraphing and addressing envelopes.   The defendant, in addition to denials, counterclaim on the ground that the agreement with the plaintiff was to furnish the defendants with a list of business men who were rated from $1,000 to $10,000 in a certain mercantile agency report, and that the plaintiff failed to furnish such list, whereby they were damaged, by reason of postage used, etc., before the discrepancy was discovered.

The learned trial judge in rendering judgment said:

"The plaintiff's complaint is dismissed upon the merits, and the counterclaim of defendants is not allowed because defendants, while proving certain disbursements, did not satisfy me that they had not received any benefits therefrom or that they were damaged to the extent of such disbursements."

Since the court dismissed the complaint on the merits, it should have found that the plaintiff did not fulfill its contract; therefore the defendants were entitled to their damages.   See Rapid Addressing Machine Co. v. Benson, 133 N. Y. Supp. 1053.

As therefore the whole case seems to have been tried on an erroneous theory, I think that the interests of justice require that the entire judgment should be reversed, and the case sent back for a new trial, without costs of this appeal.   All concur.